RECTOR-WILHELMY COMPANY v. PETER C. NISSEN
ET AL.

[FILED NOVEMBER 23, 1892.]

1. **Chattel Mortgages:** CONDITION THAT MORTGAGEE MAY TAKE
POSSESSION, CONSTRUED. A chattel mortgage upon a stock
of goods to secure the payment of four notes of $200 each, pay-
able respectively in thirty, sixty, ninety, and one hundred and
twenty days from date, contained these words: " That in case of
default made in the payment of the above mentioned promissory
notes, or in case of attempting to dispose of or remove from said
county of Douglas the aforesaid goods and chattels or any part
thereof, or if at any time the said mortgagee, or its successor or
assigns, should feel unsafe or insecure, then, and in that case, the
said mortgagee," etc., "may take immediate possession of said
goods," etc. *Held*, That the mortgagors must be in default or
be about to do or have done some act which tends to impair the
security, to authorize the mortgagee to take possession before the
maturity of the notes.

2. **Conversion:** JUSTIFICATION UNDER MORTGAGE: EVIDENCE.
While a mortgagee may prove any facts tending to show the
conduct of the mortgagors in regard to the mortgaged property,
he cannot be permitted to prove mere rumors or reports in re-
gard to the same.

3. **Instructions** examined, and *held*, to state the law correctly.

ERROR to the district court for Douglas county.   Tried
below before DAVIS, J.

*Bradley & De Lamatre,* for plaintiff in error.

*Hall, McCulloch & English, contra.*

MAXWELL, CH. J.

The pleadings in this case are as follows :

"Plaintiffs for cause of action against the defendant
say : That said defendant is a corporation organized and
doing business in the county of Douglas and state of Ne-

braska; that on and prior to the 22d day of June, 1888, said plaintiffs were engaged in the retail hardware business in the city of Omaha, Nebraska, and on said day had a stock of hardware, tinware, cutlery, and such other items of stock as are usually found in a retail hardware store, which said stock was of the value of $3,000; that they were indebted on said last mentioned date to said defendant in the sum of $800, and that the only other indebtedness said plaintiffs had at said date, or subsequent thereto, was as follows: To Lee-Clark-Andressen Hardware Company, $150; to Simmons Hardware Company, $132; that on said 22d day of June, 1888, said defendant prevailed upon said plaintiffs to, and said plaintiffs did, give to said defendant a chattel mortgage upon said stock of goods, to secure to them the payment of said indebtedness; * * * that by said mortgage said indebtedness was made payable as follows: $200 in thirty days from date of mortgage, $200 in sixty days, $200 in ninety days, and $200 in four months, said amounts being evidenced by promissory notes as described in said mortgage; that when said mortgage was given, and contemporaneous therewith, said defendant agreed with said plaintiffs that said mortgage should not be placed on record unless default was made in the payment of said notes mentioned in said mortgage, or some condition of said mortgage violated, and that said plaintiffs would be allowed to conduct their said business as before, and pay said notes out of the proceeds of said business; that long prior to the maturity of the first of said notes so secured, viz., on the 2d day of July, 1888, said defendant, without cause, and without any default made in the conditions of said mortgage by these plaintiffs, and in violation of their said contemporaneous agreement, and contrary to the terms of said mortgage, forcibly took possession of said stock of hardware and converted the same to its own use, against the protest of these plaintiffs, said defendant pretending to act under its said

mortgage; that after giving said mortgage they did no
act, nor were they at the time said property was seized
as aforesaid about to do any act, nor had they in con-
templation the doing of any act which would tend in any
manner to impair the security of said mortgage, but on
the contrary were using their utmost endeavors to be ready
and would have been ready and able to meet said notes as
they became due; that the stock so as aforesaid seized and
controlled by defendant was, at the time of said seizure and
conversion, of the value of $3,000, and that no part of the
same has been returned by said defendant to these plaintiffs,
nor to any one for them, nor has any payment been made
therefor, and that by reason of said unlawful seizure and
conversion these plaintiffs have been damaged in the sum of
$3,000, the value of said stock of goods, and said defendant
by reason thereof has become and is indebted to these
plaintiffs in the sum of $3,000, no part of which has been
paid.

"Wherefore plaintiffs pray judgment against the defend-
ant in the sum of $3,000 with interest from July 2, 1888,
and for costs of suit."

A copy of the contract of partnership is set out, which
need not be noticed.

The answer of the Rector-Wilhelmy Company is as fol-
lows:

"Now comes the defendant and for answer to the plaint-
iffs' petition says it admits that it is a corporation duly or-
ganized under the laws of the state of Nebraska, and doing
business in the county of Douglas, state of Nebraska; ad-
mits that on the day alleged in plaintiffs' petition plaint-
iffs had a stock of hardware, etc., as set out in their petition,
but denies that it was worth the sum of $3,000; admits
that plaintiffs were indebted in the various amounts to the
parties set out in their petition, but denies that those
amounts were their only indebtedness and alleges that they
were indebted for the purchase price of their stock of goods

to one firm in the amount of $1,400 and that about $200 of this became due on the 1st day of July, 1888, and $200 every two months thereafter, and that plaintiffs, at the time of the filing of the said mortgage, were in default of their said July payment of $200; alleges that plaintiffs at said time of filing said mortgage were insolvent; admits that about the time mentioned in plaintiffs' petition plaintiffs gave defendant a chattel mortgage upon their said stock of goods as security for their said indebtedness to defendant; admits that the notes were made payable as set out in plaintiffs' petition.

"Defendant denies that when said mortgage was given there was any contemporaneous agreement that said mortgage would not be placed on record, but alleges that it was represented to defendant by plaintiffs that William H. Alford, one of the plaintiffs herein, had $1,000 due him from the old country which he expected daily to receive, and that so soon as he received this, which would not be more than a few days, he would pay off the entire indebtedness of plaintiffs to defendant; that after two or three days from the giving of said mortgage the said Peter C. Nissen told this defendant that he had no faith in Alford's ever receiving any money from the old country, and informed defendant that there were several judgments in the Cedar county (Nebraska) district court, and in the justice courts of Cedar county against him, and soon after the giving of said mortgage, and before the same was recorded, defendant was informed that one certain person from Wyoming was about to attach the entire stock of Nissen, Alford & Co., and at the same time defendant also learned that plaintiffs were endeavoring to sell their said stock of goods to the Omaha Repair Stove Works, and also, one Bonniwell, and defendant knowing of the large indebtedness of plaintiffs and of their insolvency and being advised that its mortgage would not secure its interest against any attachments if not recorded, and possession taken under it,

and feeling insecure in that behalf did on the 2d day of
July, 1888, put said mortgage on record and take posses-
sion of said stock of hardware, and defendant denies that
said possession was taken without cause; denies that it was
taken without any default on the part of plaintiffs; denies
that it was contrary to the terms of the said mortgage; de-
nies that it took forcible possession; denies that it con-
verted the goods to its own use; denies that it was against
the protests of plaintiffs, and alleges that defendant took
possession of said stock by and with the full consent and
approval of the plaintiffs; defendant denies that plaintiffs
did no act, or were about to do any act, tending to impair
the security of the defendant; denies that plaintiffs were
using their best endeavors to, and would have been ready
to meet and pay the said notes as they became due.

"Defendant denies that the stock of plaintiffs was of
the value of $3,000, but alleges that its value was about
$998.40; that the property taken under the said chattel
mortgage was duly advertised for sale, and sold according
to law, and that it brought the sum of $998.40, and that
defendant, by direction and with consent of plaintiffs, after
satisfying its own claim and the necessary expenses of ad-
vertising, foreclosing, storage, rent, etc., turned over the
balance to the Lee-Clarke-Andressen Hardware Company,
of Omaha, Nebraska, to whom plaintiffs had given a sec-
ond chattel mortgage on their stock of goods on the 2d
day of July, 1888, and filed for record on the 3d day of
July, 1888."

The reply and other pleadings need not be noticed.

On the trial of the cause the jury returned a verdict in
favor of the plaintiffs for the sum of $1,771.78, and judg-
ment was rendered in September for the sum of $1,923.71.

It appears from the evidence that the stock of the
plaintiffs below invoiced, when taken possession of by the
defendant below, the sum of $2,571.78.

The first error assigned is the refusal of the court below

to permit the defendant below to introduce in evidence rumors brought to it as to the insolvency of the plaintiffs below, and also as to what they had done and were about to do with their goods. These rumors were properly excluded. The defendant below had a right to show the facts as to what its debtors had done or were about to do with their goods, but mere reports as to their condition not based on facts are not admissible.

Second—It is claimed that the mortgagee had the right to take possession under the following clause in the mortgage: "And we, the said Nissen, Alford & Co., do hereby covenant and agree to and with the said Rector-Wilhelmy Company that in case of default made in the payment of the above mentioned promissory notes, or in case of our attempting to dispose of or remove from said county of Douglas the aforesaid goods and chattels, or any part thereof, or if at any time the said mortgagee or its successors should feel unsafe or insecure, then, and in that case, it shall be lawful for the said mortgagee, or its successors or assigns, by itself or agent, to take immediate possession of said goods and chattels wherever found, the possession of these presents being sufficient authority therefor, and to sell the same at public auction, or so much thereof as shall be sufficient to pay the amount due, or to become due, as the case may be, with all reasonable costs pertaining to the taking, keeping, advertising, and selling of said property, together with a reasonable sum for attorney's fees, the money remaining after paying said sum, if any, to be paid on demand to the party of the first part." It is claimed that under this provision the mortgagee might take possession at any time when it felt disposed to do so. We think not, however. The mortgage was given under an agreement that the mortgagors were to remain in possession and sell goods to be applied on the debt. It is true there is a provision that if the mortgagee felt insecure at any time it might take possession, etc. This, however, is

49.

not an arbitrary power to be exercised unless there has been some act done by the mortgagors, or such act is about to be done by them, the effect of which will be to weaken the security. (*Newlean v. Olson*, 22 Neb., 717.)

In the case cited it is said: "A chattel mortgage, like any other contract, is to be construed together, and the object is to ascertain with precision the mutual understanding of the parties. The whole instrument is to be viewed and compared in all its parts so that every part of it may be made consistent and effectual (2 Kent's Com., 555; *People v. Gosper*, 3 Neb., 285; *Barton v. Fitzgerald*, 15 East [Eng.], 541; *Merrill v. Gore*, 29 Me., 346), and the court in construing the contract should give effect to the provisions which carry out the evident intent of the parties. Here we find in this case credit was given, interest provided for in favor of the mortgagee, and an implied agreement on his part that if the mortgagor did not impair the security, he should be entitled to retain possession of the property until the money became due. This clearly was the contract and the intent of the parties, and the mortgagee should not be permitted to violate it. The words 'if the mortgagee shall at any time feel unsafe or insecure' do not mean that he may arbitrarily and without cause declare that he feels unsafe or insecure. If this were so a mortgagee might induce a mortgagor amply to secure a debt upon the implied promise that credit for a certain length of time would be given, and the instant after receiving the mortgage declare that he felt unsafe and insecure and proceed at once to foreclose the mortgage. Such a rule would place the mortgagor entirely at the mercy of the mortgagee, and in many, if not most cases, deprive the mortgagor of the very means by which he could pay the debt. To justify the mortgagee, therefore, in his action in declaring that he feels unsafe and insecure, where there is an implied contract that the mortgagor shall remain in possession, the mortgagor must be about to commit, or has committed, some act

which tends to impair the security; and unless such facts exist, the right does not become operative." What is said in that case seems applicable to this.

Third—It is claimed that the court erred in giving the following instructions:

"1. The chattel mortgage, as between the parties, was valid, but under the terms thereof the plaintiffs were entitled to retain possession of the property until default in the payment of some of the notes secured by the mortgage, or until defendant was justified in taking possession of the same as defined in the next instruction.

" 2. To justify defendant in taking possession of the property before default in the payment of any of the notes secured by the mortgage one of these facts must have existed: First, that the plaintiffs were about to dispose of, or remove from this county, the mortgaged property, or some part thereof, without the consent of the defendant, or attempt so to do; or, second, that the plaintiffs had done, or were about to do, since the giving of the mortgage, some act without the consent of defendant, or that there had occurred some change in the affairs of plaintiffs, which act or change, in the judgment of a cautious, prudent man, situated as was defendant and in the same circumstances, would tend to impair the security of said mortgage and render the defendant unsafe in permitting plaintiffs to retain possession of said property.

" 3. The burden is on the defendant to show one or the other of the facts named in the preceding instruction by a fair preponderance of the testimony. If you should believe from the testimony that either of said facts existed at the time of the taking of said property by defendant, your verdict must be for defendant, notwithstanding none of the notes were due at the time. In case you do not find either of said facts to have existed at that time, then the defendant has failed to show a justification for its act in taking the mortgaged goods, and your verdict should be for the plaintiffs.

Rector-Wilhelmy Co. v. Nissen.

"4. In case you find for the plaintiffs, the measure of plaintiffs' damages is the value of their interest in the property on the 2d of July, 1888, with seven per cent interest from that day to September 23, 1889. In arriving at the said value you will take the value of the property as it was on the said day before defendant took possession, and from that value deduct the amount of defendant's lien by virtue of the mortgage, and the remainder will be the value of plaintiffs' interest on that day.

"5. In arriving at the value of the property you will disregard the evidence of what it sold for and arrive at its value from the evidence of the witnesses who testified in relation thereto, and from this testimony determine its fair market value in the city of Omaha on the day named."

These instructions, in our view, state the law correctly, and there was no error in giving the same. A party in obtaining a chattel mortgage on the promise, both in the mortgage itself and verbally, that all that is wanted is security for the debt, and time will be given to pay the claim, must act in good faith with the mortgagor, otherwise the mortgage would be obtained under false pretenses and the mortgagee, as soon as he had obtained it, could claim the possession. One or two cases of that kind have come to our notice in this court. The mortgage in this case seems to have been given in good faith and the mortgagors were endeavoring to comply with its terms, when the mortgagee before the debt was due, took possession and sold the goods. In such case the mortgagors were entitled to the full value of the goods, and the amount that they sold for at forced sale is no criterion to determine their value. There is no error in the record and the judgment is

AFFIRMED.

THE other judges concur.